UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND LANE,

                Plaintiff,                No. 05-CV-73273-DT

vs.                                          Hon. Gerald E. Rosen

A. VALONE AND E. BELL,

                Defendants.
_____/

ORDER ACCEPTING, IN PART, AND REJECTING, IN PART,
MAGISTRATE JUDGE'S JUNE 27, 2006 REPORT AND RECOMMENDATION

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on    September 29, 2006

        PRESENT:  Honorable Gerald E. Rosen
                           United States District Judge

       This Section 1983 civil rights action is presently before the Court on the June 27, 2006 Report and Recommendation of U.S. Magistrate Judge R. Steven Whalen recommending that the Court grant, in part, and deny, in part, Defendants' motion for summary judgment. Timely objections to the Magistrate Judge's R&R have been filed. Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the parties' objections and has conducted its *de novo* review of the R&R. Based upon that review, the Court will accept, in part, and reject in part, the Magistrate Judge's Report and Recommendation. In this regard, the Court accepts and adopts all of the R&R except for Part III(C) -- the

1

Qualified Immunity section.

As to this Part III(C), the Court accepts the R&R with regard to the recommendation that the Court deny Defendants the protection of qualified immunity on Plaintiff's claim of having been retaliated against by Defendants for exercising his right of access to the courts predicated upon Defendants' refusal to allow him to photocopy materials needed in connection with his petition for a writ of *certiorari* to the United States Supreme Court. A reasonable prison officer would certainly know that the right to access the courts is clearly established and that an officer would be liable if he retaliated against a prisoner for pursuing his right to access the court where the prisoner suffered an adverse action such that a reasonable person in the prisoner's position would be deterred from exercising his right. *Siggers-El v. Barlow*, 412 F.3d 693, 703 (6th Cir. 2005) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 391, 394 (6th Cir. 1999) ("It is well established that prisoners have a constitutional right of access to the courts. . . .  In the usual claim alleging denial of access to the courts, an inmate claims that the lack of legal assistance made it impossible for him to take some meritorious legal action.  In a retaliation claim such as this, however, the harm suffered is the adverse consequences which flow from the inmate's constitutionally protected action. Instead of being denied access to the courts, the prisoner is penalized for actually exercising that right.")).

However, with regard to the photocopying of documents that Plaintiff intended to submit to the Secret Service Agency, these documents were not "court bound" documents. No clearly established constitutional right of which a reasonable officer

would have been aware is implicated here.  Therefore, insofar as Plaintiff's retaliation claim is predicated upon the photocopying of documents he intended to submit to the Secret Service Agency, the Court finds that Defendants <u>are</u> entitled to qualified immunity, and accordingly, rejects the Magistrate Judge's contrary recommendation as to this aspect of Plaintiff's Complaint.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation of June 27, 2006 is accepted, in part, and rejected, in part.  The Court ACCEPTS the Magistrate Judge's Report and Recommendation in all respects except with regard to the recommendation that Defendants' motion for dismissal on the basis of qualified immunity be denied on all aspects of Plaintiff's Complaint.  With regard to the recommendation concerning qualified immunity, the Court ACCEPTS the R&R only insofar as it recommends that Defendants be denied the protection of qualified immunity on Plaintiff's claim of having been retaliated against by Defendants for exercising his right of access to the courts predicated upon Defendants' refusal to allow him to photocopy materials needed in connection with his petition for a writ of *certiorari* to the United States Supreme Court.  The Court REJECTS the Magistrate Judge's recommendation that the Court deny Defendants' motion for dismissal on the basis of qualified immunity as to Plaintiff's claims of retaliation arising out of the photocopying of documents that Plaintiff intended to submit to the Secret Service Agency.

Accordingly,

3

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment is granted, in part, and denied, in part, as follows:  Defendants' motion is granted with respect to Plaintiff's claims of denial of right to access to the courts, and those claims, accordingly, are dismissed, in their entirety, with prejudice.  Defendants' motion for summary judgment is also granted as to Plaintiff's claims of retaliation arising out of his photocopying of documents for submission to the Secret Service Agency but is denied as to Plaintiff's claims of retaliation arising out of the photocopying of materials needed in connection with his petition for a writ of *certiorari* to the United States Supreme Court.

SO ORDERED.

                                     s/Gerald E. Rosen
                                     Gerald E. Rosen
                                     United States District Judge

Dated: September 29, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2006, by electronic and/or ordinary mail.

                                     s/LaShawn R. Saulsberry
                                     Case Manager