**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RAYMOND LANE,

                    Plaintiff,           Civil Action No. 05-73273

                                     DISTRICT JUDGE GERALD E. ROSEN
v.                                  MAGISTRATE JUDGE R. STEVEN WHALEN

A. VALONE AND E. BELL,

                    Defendants.

_____/

**REPORT AND RECOMMENDATION**

      Before the Court is Plaintiff's Motion for Partial Summary Judgment, filed on October 30, 2006 [Docket #33], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend that Plaintiff's Motion for Partial Summary Judgment be DENIED.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

      On August 24, 2005, Plaintiff, a state prisoner currently confined at Carson City Correctional Facility in Carson City, Michigan filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. He asserts that Defendant Bell, a prison librarian and Defendant Valone, a library technician, violated the First Amendment by denying his right of access to

the courts and by retaliation.

Plaintiff makes the following factual allegations. On May 17, 2004, Defendant Bell denied his request to photocopy exhibits accompanying some material he intended to send to the Secret Service Agency. *Complaint* at ¶5. Defendant Bell refused his request, stating that copying privileges were limited to court pleadings. *Id*. The next day, Plaintiff filed a grievance against Bell for violation of P.O. 05-03-115, which allows prisoners to copy legal material. *Id*. at ¶6.[1] On May 21, 2004 Plaintiff again asked Defendants Bell and Valone for permission to photocopy, informing Defendants that he required copies of his Petition for Certiorari and presenting the Petition for their inspection. *Id.* at ¶7. Defendant Bell informed Plaintiff that he would be denied access to the copier as a result of filing a grievance; Defendant Valone stated that he would not receive copies until the grievance was resolved. *Id*. The same day, Plaintiff filed a grievance against both Defendants for retaliation and right of access to the courts. *Id*. at ¶8.

On May 27, 2004, Plaintiff approached Defendant Valone, repeating his request to make copies of documents included in his petition to the Supreme Court; Valone then gave Plaintiff "a direct order" to locate the court rule governing Supreme Court petitions. *Id*. at ¶9. When Plaintiff informed Valone that he could not locate the rule, Valone, stating that Plaintiff had disobeyed a direct order by his failure to procure the rule, issued a major misconduct ticket. *Id.* On June 4, 2004, Plaintiff presented Valone with a booklet issued

---

[1]Plaintiff's grievance and other institutional records state that he was actually denied copying privileges and filed his grievance all on the same day - May 18, 2004.

by the Supreme Court which contained filing instructions for indigent litigants, indicating that the publication included filing deadlines and copying requirements. *Id.* at ¶10. Valone again denied Plaintiff's request to copy exhibits, stating that until the grievance was resolved, no copies would be issued. *Id.* Plaintiff alleges that Defendants' multiple refusals to copy his petition denied him access to the courts. In addition, he alleges the refusal to copy his documents and the major misconduct ticket issued by Defendant Valone amount to retaliation for the grievance he filed against Defendant Bell. *Id.* at ¶¶ 8, 12, 14.

On September 29, 2006, the district court dismissed all of Plaintiff's access to the court claims as well as the retaliation claim as it pertained to copying documents for submission to the Secret Service [Docket #30]. The district court denied summary judgment as to the remainder of the retaliation claims. *Id.*

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). A mere scintilla of evidence is insufficient; "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against

a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## III. ANALYSIS

This Court's previous Report and Recommendation noted:

"On May 27, 2004, Plaintiff received a major misconduct ticket from one of the very same individuals he grieved on May 18, 2004. Moreover, the grievance and the misconduct charge both pertain to Plaintiff's disputed copying privileges. Although Defendants forward a purportedly non-retaliatory reason for issuing a ticket, as discussed above, the charges were never prosecuted. At the very least, the temporal proximity of these events raises legitimate questions of fact as to whether Defendants attempted to avenge Plaintiff's grievance against them by forbidding Plaintiff from copying legitimate court submissions and issuing a major misconduct ticket."

*Docket #24* at 12-13. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Nonetheless, Plaintiff is not entitled to summary judgment. Viewing the evidence in the light most favorable to Defendants, a question of fact remains as to whether a causal connection exists between Plaintiff's grievance and Defendants' actions. Defendant Bell's affidavit disputes Plaintiff's account of the events in question and denies all allegations of retaliation. *Docket #12*, Exhibit A at ¶¶12-14. Likewise, Defendant Valone denies retaliating against Plaintiff or prohibiting him from copying documents needed for legitimate court submissions. *Id.* Exhibit H at ¶¶12-19. More obviously, although Plaintiff points out correctly that certain record evidence supports his retaliation claim, Defendants have also presented evidence from which the jury could reasonably find in their favor. *Docket #33* at

1. I agree with Defendants that "at this stage of the proceedings the subjective motivation of . . . Defendants is a genuinely disputed material fact." *Docket #36* at 3. Summary Judgment should therefore be denied.

## IV. CONCLUSION

For the reasons stated above, I recommend that Plaintiff's Motion for Summary Judgment [Docket #33] be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); and *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

s/R. Steven Whalen _____
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  July 26, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 26, 2007.

s/Susan Jefferson
Case Manager