UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND LANE,

Plaintiff,

v.

A. VALONE, et.al.

Defendants.
_______________________________ /

Civ. Action No. 05-73273

District Judge Gerald E. Rosen

Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

On March 11, 2009, the Court entered an order adopting my Report and Recommendation of February 18, 2009, granted Defendants' motion for summary judgment, and dismissed the Plaintiff's *pro se* complaint with prejudice.[1] Plaintiff filed a notice of appeal on March 25, 2009. Before the Court at this time are Plaintiff's Motion for Certificate of Appealability [Docket #56] and Plaintiff's Motion for Leave to Proceed In Forma Pauperis [Docket #60]. Reviewing these as dispositive motions under 28 U.S.C. § 636(b)(1)(B), I recommend that both be DENIED.[2]

**I. MOTION FOR CERTIFICATE OF APPEALABILITY [Docket #56]**

A certificate of appealability is a prerequisite to a petitioner's appeal of a habeas

[1] A corrected order was filed on March 18, 2009, reflecting that, contrary to a typographical error in the original order, the Court in fact reviewed Plaintiff's timely objections to the Report and Recommendation. *See* Docket #55.

[2] While a Magistrate Judge may grant a pre-judgment motion for IFP status, the denial of such motion is considered dispositive, and therefore a Magistrate Judge must proceed by Report and Recommendation. *Woods v. Dahlbert*, 894 F.2d 187, 188 (6th Cir. 1990). In addition, a Magistrate Judge must review post-judgment matters that may be dispositive of a claim under 28 U.S.C. § 636(b)(1)(B). *United States v. Tyson*, 265 F.Supp.2d 788, 789 (E.D. Mich. 2003).

case brought under 28 U.S.C. § 2254 or § 2255. *See* Fed. R.App. P. 22(b); 28 U.S.C. § 2253. The present case is a prisoner's civil rights suit brought under 42 U.S.C. § 1983; therefore, a certificate of appealability is not necessary. *Rivera v. Granholm*, 2009 WL 650375 (E.D. Mich. 2009) (Borman, J.); *Lewis v. King County*, 2009 WL 1160141, (W.D.Wash., 2009)("The certificate of appealability that Plaintiff seeks may only be issued in a habeas corpus proceeding...."). Accordingly, Plaintiff's motion for certificate of appealability should be DENIED.

**II. MOTION FOR IN FORMA PAUPERIS (IFP) STATUS [Docket #60]**

Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." In determining whether an appeal is taken in good faith, the standard is an objective one. *Nabkey v. Gibson*, 923 F.Supp. 117, 122 (W.D.Mich.1990) ( *quoting Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962)). In order to meet the good-faith standard, an appellant must show that the appeal presents a substantial question that is not frivolous. *Scott v. Patrick*, 2007 WL 426519, at * 1; *Ishaaq v. Compton*, 900 F.Supp. 935, 945 (W.D.Tenn.1995); *Oswald v. Graves*, 819 F.Supp. 680, 685 (E.D.Mich.1993), citing *Coppedge v. United States*, 369 U.S. 438, 445-56, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Under Fed.R.App.P. 24(a)(1), a party seeking to appeal *in forma pauperis* must file a motion in the district court, attaching an affidavit that "claims an entitlement to redress" and "states the issues that the party intends to present on appeal." *See also* 28 U.S.C. § 1915(a)(1). "The decision to grant or deny an application to proceed *in forma pauperis* lies within the sound discretion of the district court." *Flippin v. Cobuyn*, 107 F.

App'x 520, 521 (6th Cir.2004). An IFP application that does not include such affidavit may properly be denied. *Flippin v. Massey*, 86 F. App'x 896 (6th Cir.2004).

In the present motion, the Plaintiff has not provided an affidavit setting forth the issues he intends to present on appeal, as required by Fed.R.App.P. 24(a)(1). Moreover, for the reasons discussed in my Report and Recommendation, the Plaintiff has not shown that his claims have an arguable basis in law or fact. The Defendants' actions were consistent with existing and legitimate Michigan Department of Corrections Policy Directives. As I pointed out in the Report and Recommendation:

> "Plaintiff's own deposition testimony, along with the misconduct ticket, shows non-retaliatory motives for Defendants' refusal to allow copying privileges pending the resolution of the grievance, as well as legitimate reasons for the issuing the misconduct ticket."

I also found that "[o]n these facts, no trier of fact could reasonably find for the Plaintiff," and that the Defendants would be entitled to qualified immunity, noting that "[a]t most, the evidence would support a finding that the Defendants were mistaken in their belief that Plaintiff's request for copying was proscribed by the Policy Directive."

Because the Plaintiff has not shown a substantial, non-frivolous basis for this appeal, the Court, in its discretion, should deny his motion for IFP status.

## III. CONCLUSION

For these reasons, I recommend that Plaintiff's motion for certificate of appealability [Docket #56] and motion for leave to proceed *in forma pauperis* [Docket #60] be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v*

*Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); and *Smith v Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

s/R. Steven Whalen
UNITED STATES MAGISTRATE JUDGE

Dated: July 21, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 21, 2009.

s/Susan Jefferson
Case Manager